IN RE ESTATE OF FREDA S. COSTELLO.
ROY J. CUSACK, APPELLANT, V. ESTATE OF FREDA S. COS-
TELLO, APPELLEE.

FILED MAY 15, 1920.    No. 20954.

Homestead. Homestead interests of the husband become vested in him
    upon the death of the wife, and are not changed by subsequent
    legislation.

APPEAL from the district court for Dodge county:
FREDERICK W. BUTTON, JUDGE. *Reversed, with directions.*

*R. E. Weaverling* and *N. H. Mapes,* for appellant.

*Henry M. Kidder, contra.*

ROSE, J.

This is a controversy over the distribution of a fund
in the hands of the administrator of the estate of Freda
S. Costello, who died November 24, 1915, while occupy-
ing her homestead in Fremont with her six minor chil-
dren and her husband. At the time of the wife's death
the homestead was incumbered by a mortgage for $1,800.
By quitclaim deed executed May 9, 1917, the husband
conveyed his homestead interests to Roy J. Cusack. The
mortgage was foreclosed and the homestead sold. The
fund for distribution in the hands of the administrator,
after the payment of the mortgage debt and of the claims
against the wife's estate, is $662.77. The minor heirs
and Cusack are the claimants. By order of the county
court the administrator was directed to distribute to
Cusack one-third of the fund and to each of the six heirs
one-ninth of it. From this distribution Cusack appealed
to the district court, where the order of the county court
was affirmed. This is an appeal from the judgment of
the district court.

There is an obvious error on the face of the proceed-
ings. The order of distribution was made under a stat-

ute providing that, where the surviving spouse "elects to partition the homestead premises, the homestead right of the survivor shall then terminate and the homestead premises shall then descend as other real property of which the deceased died seised." This act was passed in 1917. Laws 1917, ch. 68. The homestead interests acquired by the husband and transferred to Cusack had become vested under the statutes in force when the wife died November 24, 1915. The act of 1917 did not affect these interests. The judgment of the district court is therefore reversed, with directions to order a distribution under the statutes in force November 24, 1915.

REVERSED.

FLANSBURG, J., not sitting.